UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MUMTAZ MUBARAK PRASLA, *et al*, | § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-829 |
| | § | |
| JEFF SESSIONS, *et al*, | § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss. (Doc. No. 7.) Plaintiffs in this matter are Mumtaz Mubarak Prasla, Sarosh Mubarak Prasla, and Misba Mubarak Prasla, whose suit concerns the immigration applications that they have submitted to the federal government. (Doc. No. 1.) Defendants are five federal officials, sued in their official capacity: Attorney General Jeff Sessions; John Kelly, Secretary of Homeland Security at this suit's outset; Lori Scialabba, Acting Director of U.S. Citizenship and Immigration Services (USCIS); Mark Seigl, Acting Field Office Director of USCIS's Houston Field Office; and Tony Bryson, District Director of USCIS's Houston Field Office.

Defendants seek dismissal under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process on the U.S. Attorney for the Southern District of Texas and on Defendants John Kelly and Lori Scialabba. In light of Plaintiffs' Response (Doc. No. 10) and the applicable law, the Motion is **DENIED**.

\*\*\*

Rule 4(i) of the Federal Rules of Civil Procedure governs service in suits against the United States, its agencies, and its personnel in their official capacity. The rule requires service

on the U.S. Attorney for the district where the action is brought and, for agency defendants and personnel defendants, service also on those defendants directly. Rule 4(m) requires that service be effected within 90 days after the complaint is filed. If the defendants are not served within that period, the district court must dismiss the action or order service within a specified time. Upon a showing of good cause, the court must extend the time for service.

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). "To establish good cause, a litigant must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

Plaintiffs filed this suit on March 15, 2017. (Doc. No. 1.) They explain that Defendants Kelly and Scialabba were, in fact, timely served. Plaintiffs attach documents showing that Kelly was served on April 4 and Scialabba on April 3, well within the required period. (Doc. Nos. 9, 9-2.) Plaintiffs cite delays on the part of the U.S. Postal Service that prevented timely filing of the return receipts. (Doc. No. 10 at 3–4.) As for service on the U.S. Attorney, Plaintiffs attach a document from the U.S. Postal Service's online tracking tool, showing that some sort of document—proper service, the Court presumes—was accepted by the Postal Service on March 27 and "in transit" beginning on March 30. (Doc. No. 10-6.) This document appears never to have been delivered. Immediately after Defendants filed their Motion to Dismiss, Plaintiffs effected service on the U.S. Attorney. (Doc. No. 9-1.)

The Court finds and holds that Plaintiffs have shown good cause for the deficiencies of service. Plaintiffs' proper service on Defendants Sessions, Seigl, and Bryson (Doc. Nos. 4, 5) lends credence to the explanation that simple difficulties with the mail underlie their problems serving the others. Even if good cause had not been shown, dismissal of this case would not necessarily be the appropriate response. Two of the three actions that the Court may take under Rule 4(m)—ordering prompt service and permitting an extension for service—are aimed at achieving what Plaintiffs have already done here. Little benefit would come from dismissing the case.

***

Accordingly, Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 21st day of September, 2017.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE